IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER PALMER,**

    **Plaintiff,**

v.                                             Civil Action Number: 1:20-cv-00746

**MCDOWELL COUNTY COMMISSION;
CO NEWSOME; AWP MURPHY;
LT JACKSON and JOHN DOES.**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Christopher Palmer, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Christopher Palmer (hereinafter, "Plaintiff"), was incarcerated at the Stevens Correctional Center at Welch for all relevant times herein.

2. Defendant McDowell County Commission is the legal entity, located in McDowell County, West Virginia that is liable through the doctrine of *respondeat superior* for the conduct of the correctional officers named herein as well as for the McDowell County Commission's own independent negligent/reckless and/or intentional conduct. The McDowell County Commission operates the correctional facility, located in McDowell County, West Virginia pursuant to the authorization and oversite of the Defendant West Virginia Department of Corrections and Rehabilitation.

3. Defendants Newsome, AWP Murphy. Lt. Jackson and Does were employed at Stevens Correctional Center by the McDowell County Commission and by policy were responsible for plaintiff's safety. Despite this responsibility, Defendant Newsome informed various inmates at Stevens that plaintiff had "ratted" on corrupt correctional officers at Huttonsville Correctional Center. Plaintiff had previously complained about the danger he was

in at Huttonsville and was transferred to Stevens Correctional Center because he had assisted in a drug investigation that resulted in COs being terminated. On or about August 18, 2018, after arriving at Stevens Correctional Center, plaintiff was approached by several inmates and was told he would need to move off the pod or he would be beaten. Plaintiff was approached by the inmates because Defendant Newsome had told some inmates that plaintiff had gotten some correctional officers fired and that was the reason for his transfer.

4. In response, plaintiff went to Ms. Bowmen, and explained the situation and asked to be moved. Bowman responded by stating I can't do that unless three people confirm the threat. Plaintiff then requested special management but was denied. Later that day Newsome was on the pod and plaintiff approached him asking why he had said plaintiff was a rat. Newsome responded by saying he "didn't mean nothing by it." Newsome also told at least one inmate he did not mean anything by it. However, Newsom's comments placed plaintiff in severe danger.

5. Plaintiff again asked Newsome to be moved to a safe area. Newsome contacted CO Walker who responded by saying he could not move plaintiff. On or about the 19th of August 2018, multiple staff/COs overheard other inmates threatening to injure plaintiff. Upon information and belief, multiple incident reports were prepared that memorialized the threats. Plaintiff was then removed from the pod and placed in medical. The following day the facility wanted to move plaintiff back into the general population. Plaintiff refused and was put into administrative segregation as punishment. Plaintiff continued to complain about his safety. In response, Defendant Murphy decided to move plaintiff to Welch as he had this authority to control plaintiff's location. This facility was located behind the Courthouse.

6. After approximately 45 days at the Welch facility, Defendant Murphy told plaintiff and his pod that they were being moved to Stevens Correctional Center. Plaintiff approached Defendant Murphy and told him "you of all people know I can't go back to Stevens

cause of the issues from August. You are the one that sent me over here for safety." Plaintiff then filled out a special management form and put three "keep aways" on it. Upon arrival at Stevens Correctional Center, Plaintiff informed Lt. Jackson that he should not be placed in the dorm where 2 of the 3 keep aways were staying. This information was ignored. Upon arrival at the pod/dorm Jackson told CO Brown to tell the inmates not to jump plaintiff because he didn't want to fill out the paperwork. Shortly thereafter plaintiff was jumped and beaten badly. Plaintiff suffered a broken nose, hearing loss, a stabbing to the stomach and other bodily injuries from the beating. Defendant Murphy, Lt. Jackson and Defendant Does were responsible for plaintiff's housing and safety.

7. On November 16, 2018, Plaintiff was injured and beaten as a result of defendants' deliberate indifference to plaintiff's safety after defendant Newsome informed inmates that plaintiff had been a rat at his previous facility. Defendants, Murphy, Jackson and Does had specific knowledge of the danger that plaintiff faced but refused to house plaintiff at a location where he would be safe. These defendants had the authority and responsibility to house plaintiff in a safe area.

8. The willful and deliberate acts and omissions of the defendants directly resulted in plaintiff being physically assaulted by other inmates. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff further asserts that he is seeking damages from Defendants up to an amount commensurate with the amount of insurance coverage when and if applicable to the claims made herein.

9. All events and occurrences alleged herein occurred in the State of West Virginia.

10. During Plaintiff's incarceration, the McDowell County Commission, by and through its officers, agents and employees were required pursuant to legislative Rules 95-1-1-, *et seq.*, to prevent inmates from being physically assaulted and from physical harm. Defendants also have this responsibility pursuant to the United States Constitution and the West Virginia

Constitution.

11. Despite jail standards Legislative Rules, the Constitution of the United States and the West Virginia Constitution, all of which provide for the protection and proper treatment of inmates, the McDowell County Commission and its employees failed to take any steps to stop or prevent plaintiff from being assaulted and in fact, placed him in imminent and direct danger by telling inmates that plaintiff was a rat and by placing him with inmates that defendants had prior knowledge of their threats made against and toward plaintiff. Defendant McDowell County Commission has a practice and custom of failing to comply with Constitutional requirements.

12. Defendants' actions have proximately caused plaintiff physical harm, emotional and mental distress.

## COUNT I
## OUTRAGEOUS CONDUCT

13. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 12 as if set forth herein.

14. The willful and intentional statements about plaintiff being a rat is outrageous and unconscionable conduct. The willful and intentional failure to prevent plaintiff from being exposed to known threats and danger occurred despite the knowledge that physical harm and severe emotional distress were likely or certain to occur after labeling plaintiff a rat and after hearing that inmates were threatening to harm plaintiff.

15. The intentional placement of plaintiff with other inmates that had threatened plaintiff as described herein constitutes extreme and outrageous conduct and has resulted in plaintiff suffering great emotional distress and physical injury.

16. Defendants' failure to prevent such conduct, through its employees, constitutes extreme and outrageous conduct and has resulted in plaintiff suffering severe emotional distress and physical injury.

## COUNT II - DELIBERATE INDIFFERENCE-VIOLATION OF 42 USC §1983

17. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 16 as if set forth herein.

18. Defendants were at all times herein acting under the color of state law.

19. Defendant Newsome acted with deliberate indifference when he spread word to inmates that plaintiff had cooperated with jail officials and ratted out other officers at his previous facility. The spreading of this information placed plaintiff in serious danger. Moreover, Newsome would have known and did know that such statements would place plaintiff in danger of serious harm.

20. This deliberate conduct or indifference to plaintiff's safety violated plaintiff's constitutional rights and amounts to cruel and unusual punishment.

21. The other Defendants further acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 when they intentionally placed plaintiff in the same living area of inmates placed in plaintiff's "keep away" list, when defendants were aware that the inmates located there had threatened and were a continuing threat to plaintiff's safety.

22. The acts and omissions of the Defendants as described herein violated the Eighth Amendment to the Constitution of the United States of America and gives rise to the action against Defendants. Defendants would have received training and instruction on the negative and dangerous effects of labeling plaintiff a "rat." Defendants would have been further trained that the dissemination of such information would be a violation of plaintiff's constitutional rights. Defendants had further knowledge that such statements would place plaintiff in imminent danger. Defendants also had direct knowledge that they were placing plaintiff in direct contact

with inmates that had threatened plaintiff's life. Defendant McDowell County Commission has a custom of policy of failing to respond to inmates that are in danger from other inmates. This conscious and deliberate indifference resulted in plaintiff being seriously injured by other inmates.

23. As a direct and proximate result of the deliberate indifference of the Defendants toward plaintiff's dangerous housing conditions and the danger created by labeling plaintiff a rat, Plaintiff was seriously injured. Plaintiff's injuries are so serious that he required medical treatment.

24. As a direct and proximate result of the deliberate indifference of the Defendants toward plaintiff, plaintiff incurred pain and suffering and emotional distress.

25. The actions of the defendants were willful, wanton, reckless and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury.

26. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

### COUNT III–VICARIOUS LIABILITY/NEGLIGENCE

27. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 26 as if set forth herein.

28. In the alternative, to the extent that defendants conduct is considered to be negligent, Defendant McDowell County Commission is vicariously liable for the conduct of its employees under the doctrine of respondent superior, as the individuals were acting within the scope of their employment and at the time the inappropriate acts described herein occurred. Moreover, Defendant McDowell County Commission was independently and deliberately indifferent for failing to ensure compliance with policy directives set forth in this complaint as well as the Constitution of the United States that requires that inmates be protected.

29. As such, plaintiff is entitled to recover damages from the McDowell County Commission for said conduct.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff requests such other and further relief as this Honorable Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

CHRISTOPHER PALMER,
By Counsel,

/s/ Paul M. Strobel
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329